# EXHIBIT A

```
CRAIG M. PETERS, NO. 184018                Electronically Filed
JEREMY CLOYD, NO. 239991                   4/2/2019 8:00 AM
ALTAIR LAW LLP                             Superior Court of California
465 California Street, Fifth Floor         County of Stanislaus
Telephone: (415) 988-9828                  Clerk of the Court
Facsimile: (415) 988-9815                  By: Sabrina Bouldt, Deputy
Email: cpeters@altairlaw.us
       jcloyd@altairlaw.us
                                                      $435 PD
                                                      $150 PD
ATTORNEYS FOR PLAINTIFFS
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| MICHAEL HERNANDEZ; and BECKY HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BOBST GROUP NORTH AMERICA, INC.; and DOES 1 to 50,<br><br>Defendants. | CASE NO. CV-19-001908<br><br>**COMPLAINT FOR DAMAGES**<br><br>This case has been assigned to Judge Beauchesne, Roger M.<br>Department Dept. 24 for all purposes including Trial. |

Plaintiff MICHAEL HERNANDEZ alleges against all defendants as follows:

### GENERAL ALLEGATIONS

1. This is a lawsuit for personal injuries arising out of a defective box-folding machine.

2. On November 1, 2017, plaintiff MICHAEL HERNANDEZ was using a Martin 924 Flexo-Folder-Gluer in the course and scope of his employment with PACIFIC SOUTHWEST CONTAINER, INC. in Modesto, California. The machine was defective because it can suddenly and without warning energize and the feed roller guard's spacing and strength is inadequate to prevent a hand from being pulled into the machine. While MICHAEL HERNANDEZ was using the machine, his right hand was pulled past the guard and into the machine causing him to sustain crushing and de-gloving injuries to his hand and fingers.

-1-

**COMPLAINT FOR DAMAGES**

3. Plaintiff MICHAEL HERNANDEZ's damages include medical expenses, lost income, loss of ability to earn income, loss of household services, and general damages.

4. Plaintiff BECKY HERNANDEZ was at all times mentioned herein the lawful spouse of Plaintiff MICHAEL HERNANDEZ. She claims loss of consortium damages as a result of the physical injuries to her husband.

5. The entirety of this Complaint is pled upon information and belief and each allegation contained herein is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

6. Plaintiffs MICHAEL and BECKY HERNANDEZ are, and at all times mentioned herein were, residents of Stanislaus County and citizens of the State of California.

7. Defendant BOBST GROUP NORTH AMERICA, INC. is, and at all times mentioned herein was, a New Jersey corporation doing business in the State of California and manufactured, designed, sold, installed and/or maintained the subject Martin 924 Flexo-Folder-Gluer corrugated cardboard cutting and packaging machine bearing stamped markings that include machine number 6221 and year 1998. At all relevant times, the machine was installed, located, and operated at Pacific Southwest Container, Inc., 4530 Leckron Road, Modestro, CA 95357.

8. Each of the defendants' names, including each defendant sued under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other defendant with respect to the events and transactions herein alleged, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of such agency, service, and/or employment. Further, each defendant was conducting himself, or itself pursuant to the consent, permission, authorization, and/or ratification of and by each and every defendant, as aforeseaid, when acting as a principal and was negligent in the selection, hiring, and/or supervision of each and every other defendant as an agent, servant, employee, and/or independent contractor. Accordingly, each defendant is alleged to be directly negligent and vicariously liable for the conduct of other defendants.

9. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 50, are unknown to plaintiff, who therefore sues said

1  defendant by such fictitious names, pursuant to Section 474 of the Code of Civil Procedure.
2  Plaintiff is informed and believes, and thereon alleges that each of said defendants designated by
3  such fictitious names is responsible and legally obligated to plaintiff in contract, in tort, or by
4  statute, for the events and happening herein referred to, and for the damages legally caused to
5  plaintiff. Plaintiff therefore prays leave to amend this complaint to insert the true names and
6  capacities of said defendants when they have been ascertained.

7  10. This action is an unlimited civil case because the amount in controversy exceeds $25,000.
8  11. This Court is the proper court because the injury to Plaintiffs occurred in its jurisdictional
9  area.

## FIRST CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT)

(AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50)

12. Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.
13. Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 designed, manufactured, distributed, and/or sold the Martin 924 Flexo-Folder-Gluer described above and which was involved in the subject incident.
14. The Martin 924 Flexo-Folder-Gluer contained a manufacturing defect when it left the possession of Defendants.
15. Plaintiffs were harmed.
16. The defects in the products, as described above, were substantial factors in causing Plaintiffs' harms.

## SECOND CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY – DESIGN DEFECT)

(AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50)

17. Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.
18. Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 designed, manufactured, distributed, and/or sold the Martin 924 Flexo-Folder-Gluer described above and which was involved in the subject incident.

19.  The Martin 924 Flexo-Folder-Gluer was defectively designed.

20.  Plaintiffs were harmed.

21.  The design defects in the product, as described above, were substantial factors in causing Plaintiffs' harms.

## THIRD CAUSE OF ACTION

### (STRICT PRODUCTS LIABILITY – FAILURE TO WARN)

### (AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50)

22.  Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.

23.  Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 designed, manufactured, distributed, and/or sold the Martin 924 Flexo-Folder-Gluer described above and which was involved in the subject incident.

24.  The Martin 924 Flexo-Folder-Gluer described above had potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale of the product.

25.  The potential risks presented a substantial danger when the Martin 924 Flexo-Folder-Gluer is used or misused in an intended or reasonably foreseeable way.

26.  Ordinary consumers would not have recognized the potential risks of the product.

27.  Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 failed to adequately warn or instruct of the potential risks.

28.  Plaintiffs were harmed.

29.  The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiffs' harms.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

### (AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50)

30.  Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.

31. Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 designed, manufactured, maintained, installed, and/or repaired the Martin 924 Flexo-Folder-Gluer described above and which was involved in the subject incident.

32. Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 were negligent in designing, manufacturing, maintaining, installing, and/or repairing the Martin 924 Flexo-Folder-Gluer.

33. Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 were negligent in failing to adequately warn of the danger created by the above-described defects and to instruct on the safe use of the Martin 924 Flexo-Folder-Gluer.

34. A reasonable manufacturer or seller under the same or similar circumstances as Defendants BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50 would have warned of the danger or instructed on the safe use of the product.

35. Plaintiffs were harmed.

36. Defendants' negligence was a substantial factor in causing Plaintiffs' harms.

## FIFTH CAUSE OF ACTION

### (LOSS OF CONSORTIUM)

### (BY BECKY HERNANDEZ AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC. and DOES 1 to 50)

37. Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.

38. Immediately before MICHAEL HERNANDEZ's injury, plaintiff MICHAEL HERNANDEZ was an adult person in good physical and mental health and was the lawful spouse of his wife BECKY HERNANDEZ. Plaintiff BECKY HERNANDEZ enjoyed the love, companionship, comfort, care, assistance, protection, affection, society, moral support, marital relations, household services, and solace of this relationship.

39. By their acts and omissions as herein described, defendants, and each of them, legally caused plaintiff BECKY HERNANDEZ loss of consortium damages by impairing the relationship described above.

///

## CLAIM FOR PUNITIVE DAMAGES

(AGAINST DEFENDANTS BOBST GROUP NORTH AMERICA, INC.)

40. Plaintiffs repeat and re-allege each and every paragraph above as if fully set forth herein.

41. As additional damages against Defendants BOBST GROUP NORTH AMERICA, INC., plaintiffs allege Defendant was guilty of malice as defined in California Civil Code 3294 and that Plaintiffs should recover, in addition to actual damages, damages to make an example of and to punish Defendant.

42. On December 8, 2005, another worker, Gary Cooper was operating a machine similar to the Martin 924 Flexo-Folder-Gluer and manufactured by a related Bobst entity. Mr. Cooper's hand was pulled into the machine past the feed roller guard causing crushing and degloving injuries to his hand and fingers. Mr. Cooper filed a lawsuit that notified Defendant of the defects in the machine described above and of the resulting catastrophic injuries. However, Defendant did not take any corrective action to protect other workers including MICHAEL HERNANDEZ such as warning Pacific Southwest Container of the danger, recalling the machine, or retrofitting the machine so that the feed roller guard would not allow for a hand to be pulled into the machine.

43. On March 30, 2015, another worker, Ryan Mohammed, was using a Martin 924 Flexo-Folder-Gluer in the course and scope of his employment when his hand was pulled into the open, inadequately guarded pinchpoint at the feed rollers, resulting in crushing/degloving injuries, amputation, and the loss of the use of his left hand. Mr. Mohammed filed a lawsuit that notified Defendant of the defects in the machine described above and of the resulting catastrophic injuries. However, Defendant did not take any corrective action to protect other workers including MICHAEL HERNANDEZ such as warning Pacific Southwest Container of the danger, recalling the machine, or retrofitting the machine so that the feed roller guard would not allow for a hand to be pulled into the machine.

44. Plaintiff believes there are other prior amputation and disfigurement injuries to individuals due to the above-described defects in the Martin 924 Flexo-Folder-Gluer or similar

corrugated box-making machines manufactured by Defendants and which were known to Defendants prior to MICHAEL HERNANDEZ's injury.

45. Defendant's failure to take corrective action to protect workers like MICHAEL HERNANDEZ after being notified of the above-described defects and the resulting catastrophic injuries represents despicable conduct that is carried on with a willful and conscious disregard for the rights or safety of others.

46. The amount of exemplary damages sought is not shown pursuant to California Code of Civil Procedure § 425.10.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, on all causes of action as follows:

1. For general damages according to proof at time of trial;
2. For special damages according to proof at time of trial;
3. For costs of suit herein;
4. For prejudgment interest in accordance with Civil Procedure sections 3287, 3288, and 3291;
5. For such further relief as the Court may deem proper.

DATED: April 1, 2019                ALTAIR LAW LLP

By: _____
JEREMY CLOYD
Attorneys for Plaintiff MICHAEL HERNANDEZ

-7-
**COMPLAINT FOR DAMAGES**

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** BOBST GROUP NORTH AMERICA, INC.; and
*(AVISO AL DEMANDADO):* DOES 1 to 50,

**YOU ARE BEING SUED BY PLAINTIFF:** MICHAEL HERNANDEZ; and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* BECKY HERNANDEZ

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
4/2/2019 8:00 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sabrina Bouldt, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Stanislaus
801 10th Street, 4th Floor
Modesto, California 95354

**CASE NUMBER:** *(Número del Caso)* CV-19-001908

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: CRAIG PETERS
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

ALTAIR LAW LLP
465 California Street, Fifth Floor, San Francisco, CA 94104     (415)988-9828

DATE: 4/2/2019 8:00 AM     Clerk, by _____ Deputy
*(Fecha)*                   *(Secretario)*                *(Adjunto)*
                                                          Sabrina Bouldt

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>CRAIG PETERS NO. 184018/JEREMY CLOYD SBN: 239991<br>ALTAIR LAW LLP<br>465 California Street, Fifth Floor, San Francisco, CA 94104<br>TELEPHONE NO.: (415)988-9828   FAX NO.: (415)988-9815<br>ATTORNEY FOR *(Name)*: Michael Hernandez | FOR COURT USE ONLY<br>Electronically Filed<br>4/2/2019 8:00 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Sabrina Bouldt, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: 801 10th Street, 4th Floor
MAILING ADDRESS: 801 10th Street, 4th Floor
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME: City Towers (Civil)

CASE NAME: MICHAEL HERNANDEZ et al v. BOBST GROUP NORTH AMERICA et al

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CV-19-001908<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [X] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 1, 2019

JEREMY CLOYD
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

RECEIVED
APR 04 2019

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED** <br> Attorney for: <br><br> **SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS** <br> Street Address: City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354 <br> Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA 95354 <br><br> Plaintiff/Petitioner: Hernandez, Michael <br> Defendant/Respondent: Bobst Group North America | **FILED** <br> APR 02 2019 <br> CLERK OF THE SUPERIOR COURT <br> COUNTY OF STANISLAUS <br> BY _____ <br> _____ DEPUTY |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER <br> **CV19001908** |

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date: 08/05/2019  Time: 8:30  AM/PM

   This case is assigned to Judge ROGER M. BEAUCHESNE, Dept 24, for all purposes, including trial.

   *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354

   **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

   ....................................................................................................................................................

   You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.

2. You must file and serve a completed *Case Management Conference Statement* at least fifteen (15) calendar days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the Court may make pretrial orders, including the following:
   a. An order establishing a discovery schedule.
   b. An order referring the case to arbitration.
   c. An order dismissing fictitious defendants.
   d. An order scheduling exchange of expert witness information.
   e. An order setting subsequent conferences and the trial date.
   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: APR 02 2019   by _____ Deputy Clerk
                        SABRINA BOULDT
Mandatory Form

CV003

**--SANCTIONS--**
If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).

11/10