CRAIG M. PETERS, NO. 184018
JEREMY CLOYD, NO. 239991
ALTAIR LAW LLP
465 California Street, Fifth Floor
Telephone: (415) 988-9828
Facsimile:  (415) 988-9815
Email: cpeters@altairlaw.us / jcloyd@altairlaw.us


ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ; and BECKY HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BOBST GROUP NORTH AMERICA, INC.; and DOES 1 to 50,<br><br>Defendants. | CASE NO. 1:19-cv-00882-LJO-SKO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS MICHAEL HERNANDEZ' AND BECKY HERNANDEZ' MOTION FOR PROTECTIVE ORDER REGARDING REMOTE DEPOSITIONS**<br><br>**Date:**  **September 28, 2020**<br>**Time:**  **9:30 a.m.**<br>**Courtroom:  7** |

## I.    INTRODUCTION

Plaintiffs request that the Court enter a protective order that oral depositions be conducted remotely until further notice. The federal rules authorize the use of remote depositions and good cause exists for an order requiring their use.

## II.    LEGAL AUTHORITY REGARDING REMOTE DEPOSITIONS

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In employing the Federal Rules of Civil Procedure, courts and parties are required "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 30(b)(4) authorizes remote depositions through the use of audio-video technology: "The parties may stipulate—or the court may on motion order—that a

1   deposition be taken by telephone or other remote means."

2   District courts across the country have responded to the COVID-19 pandemic by

3   authorizing and in many cases requiring the use of remote depositions. In *Chen v. K.O.O.*

4   *Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020), for example, the court required

5   remote depositions. "Courts have found that that exhibits can be managed in remote depositions

6   by sending Bates-stamped exhibits to deponents prior to the depositions or using modern

7   videoconference technology to share documents and images quickly and conveniently." *Id.* The

8   court said discovery cannot wait for the coronavirus: "It is not feasible for the Court to extend

9   deposition deadlines until a time when they can be safely conducted in person because no one

10   knows when that will occur and there are alternatives [i.e., remote depositions]."

11   **III.   GOOD CAUSE EXISTS TO REQUIRE REMOTE DEPOSITIONS**

12   Under Federal Rule 26(c) this Court may issue protective orders "on matters relating to a

13   deposition" including to "protect a party or person from annoyance, embarrassment, oppression,

14   or undue burden or expense." Such orders may include "specifying terms, including time and

15   place or the allocation of expenses, for the disclosure or discovery" and "prescribing a discovery

16   method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(B),

17   (C).

18   Good cause exists for an order requiring the use of remote depositions until 90 days after

19   Governor Newsom lifts the state of emergency related to the COVID-19 pandemic for the

20   following reasons:

21   1. On March 4, 2020, the State of California declared a State of Emergency to address the

22   spread of the novel coronavirus and noting that it is imperative "to implement measures to

23   mitigate the spread of COVID-19." (https://www.gov.ca.gov/wp-

24   content/uploads/2020/03/3.4.20-Coronavirus-SOE-Proclamation.pdf)

25   2. On March 19, 2020, an Executive Order issued by Governor Newsom directed all

26   Californians to say home except to go to an essential job or to shop for essential needs.

27   (https://www.gov.ca.gov/wp-content/uploads/2020/03/3.19.20-attested-EO-N-33-20-

28   COVID-19-HEALTH-ORDER.pdf)

3.  On May 29, 2020, the Judicial Council for the State of California adopted Emergency Rule 11 in response to the COVI-19 pandemic authorizing remote depositions in Superior Court cases. (https://www.courts.ca.gov/documents/appendix-i.pdf)

4.  On May 13, 2020, the United State District Court for the Eastern District of California issued General Order 618 closing all courthouses to the public until further notice and ordering that all civil hearings will be decided on the papers, or if the assigned Judge believes a hearing is necessary, the hearing will be by telephone or videoconference. (www.caed.uscourts.gov/caednew/assets/File/GO 618.pdf)

5.  On July 28, 2020, the United State District Court for the Eastern District of California issued General Order 621, noting "the COVID-19 Cases in all divisions of the Eastern District of California and the rest of the State of California are increasing and ordering the use of face coverings. (www.caed.uscourts.gov/caednew/assets/File/GO 621(1).pdf).

6.  As of September 2, 2020, Fresno County and Stanislaus County (where Plaintiffs reside) are listed at the highest risk level for coronavirus spread and require office work to be conducted remotely with the exception of inapplicable essential services. (https://covid19.ca.gov/safer-economy/)

7.  The videoconference technology available for remote depositions supports an unlimited number of participants without the physical presence of a court reporter or any attorney with the witness. The service does not require that the witness be technologically savvy, only requiring the witness to click on a link in an email. All the witness needs is a computer with a camera and an internet connection. The remote videoconference technology allows the parties to introduce and mark exhibits during the deposition without giving advance notice to opposing counsel to avoid causing an attorney to "show his or her hand." (Cloyd Decl., ¶¶2-3)

8.  The parties have completed depositions of treating physicians Walter Lin, M.D. (noticed by plaintiffs) and Jorge Barragan, Ph.D. (noticed by defendants) by remote videoconference without objection or difficulty. (Cloyd Decl., ¶4)

9.  The uncertainty about whether witnesses and attorneys may appear remotely at deposition

has caused needless delays, costs, and inconvenience. Plaintiff noticed the deposition of non-party witness Blake Steward by subpoena to occur on July 20, 2020 by remote technology. Although Plaintiffs' counsel made remote appearance means available, Defendant flew two attorneys from Chicago, Illinois to attend Mr. Steward's in person. Defense counsel notified Mr. Steward's attorney on the day of the deposition that they expected him to appear at the deposition in person. When Mr. Steward appeared at the deposition (with his attorney appearing remotely), he objected to the crowded room and the lack of safety protocols and left. As a result, the deposition was delayed approximately an hour so that a remote appearance could be set up from Mr. Steward's office. (Cloyd Decl., ¶5)

10. Defense counsel has increased the risk of viral spread at in-person depositions by sending two attorneys to depositions both of whom require out of state travel and overnight lodging which is inconsistent with the State of California's stay-at-home orders for the prevention of viral spread. Remote depositions eliminate travel by any attorney, witness, or court reporter and eliminate the number of contacts and potential viral transmissions. (Cloyd Decl., ¶6)

11. Plaintiff currently intends to take the depositions of four additional fact witnesses. Three of these witnesses are located out of state and one is located in Stanislaus County. (Cloyd Decl., ¶7)

12. Defendant has notified Plaintiff of its desire to take the deposition of Plaintiff Becky Hernandez. (Cloyd Decl., ¶8)

13. In addition to the lawful orders described above that preclude in-person depositions, the use of masks and other social distancing measures are not an adequate alternative to deposition by remote technology. The parties have no control over independent vendors' compliance with social distancing guidelines. As the Court is likely aware, there is a wide spectrum of public perception about the importance of social distancing guidelines. For example, the court reporter at the deposition of Blake Steward, referenced above, did not wear a facial covering during the deposition despite being in the same small room with

1     defense counsel. The parties, witnesses, and attorneys should not feel compelled to

2     participate in a situation where they have no control over their personal safety. (Cloyd

3     Decl., ¶9)

4     14. The use of masks during in-person depositions also interferes with ability to communicate

5     and see the witness and his or her expressions during questioning. This is of greater

6     concern when testimony is being preserved by videotape. (Cloyd Decl., ¶10)

7     15. It is unknown when circumstances in California will change such that in person

8     depositions can safely proceed but it is unlikely that will occur prior to the parties'

9     November 17, 2020 deadline for completing non-expert discovery. (Cloyd Decl., ¶11)

10    16. Defendant will not stipulate to depositions by remote technology in the absence of a court

11    order. (Cloyd Decl., ¶¶12-13)

12    **IV.    CONCLUSION**

13         For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order

14    requiring the use of remote technology for depositions until further notice.

15

16    DATED:  September 2, 2020                    ALTAIR LAW LLP

17

18                                      By:      /s/ Jeremy Cloyd

19                                            CRAIG M. PETERS
                                              JEREMY CLOYD
20                                            Attorneys for Plaintiffs
                                              MICHAEL HERNANDEZ and BECKY
21                                            HERNANDEZ

22

23

24

25

26

27

28

## PROOF OF SERVICE

**I am employed in the City and County of San Francisco, State of California. I am over 18 years of age and not a party to this action. My business address is 465 California Street, Fifth Floor, San Francisco, California 94104.**

**On the date below I served a true copy of the following document(s):**

**PLAINTIFFS MICHAEL HERNANDEZ' AND BECKY HERNANDEZ' INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1)**

on the interested parties to said action by the following means:

☐ **(BY U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage, for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to Altair Law, LLP for delivery by Federal Express to the address(es) shown below.

☐ **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by facsimile transmission from facsimile number (415) 988-9815 to the attorney(s) or party(ies) shown below.

☐ **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving said envelope to an employee of Western Messenger Service for guaranteed, same-day delivery to the address(es) shown below.

☐ **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys or parties shown below

☒ **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### SEE SERVICE LIST

**I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.**

DATED: September 2, 2020    _____

Monica La

# SERVICE LIST

Michael R. Reynolds, Esq.
**Damon Michael Thurston, Esq.**
**Rankin, Shuey, Ranucci, Mintz,**
**Lampasona & Reynolds**
2030 Franklin Street, 6th Floor
Oakland, CA 94612
*Attorneys for Defendant* BOBST GROUP
NORTH AMERICA, INC.

Thomas R. Pender, Esq.
**Cremer, Spina, Shaughnessy, Janse &**
**Siegert, LLC**
One North Franklin Street
10th Floor
Chicago, IL 60606
*Attorneys for Defendant* BOBST GROUP
NORTH AMERICA, INC.