```
CRAIG M. PETERS, NO. 184018
JEREMY CLOYD, NO. 239991
ALTAIR LAW LLP
465 California Street, Fifth Floor
Telephone: (415) 988-9828
Facsimile:  (415) 988-9815
Email: cpeters@altairlaw.us / jcloyd@altairlaw.us

ATTORNEYS FOR PLAINTIFFS
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ; and BECKY HERNANDEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOBST GROUP NORTH AMERICA, INC.; and DOES 1 to 50,<br><br>        Defendants. | CASE NO. 1:19-cv-00882-LJO-SKO<br><br>**DECLARATION OF JEREMY CLOYD IN SUPPORT OF MICHAEL HERNANDEZ' AND BECKY HERNANDEZ' MOTION FOR PROTECTIVE ORDER REGARDING REMOTE DEPOSITIONS**<br><br>**Date:**       **September 28, 2020**<br>**Time:**       **9:30 a.m.**<br>**Courtroom:**  **7** |

I, Jeremy Cloyd, declare:

   1.  I am counsel of record for Plaintiffs Michael and Becky Hernandez in this lawsuit and have personal knowledge of the following facts.

   2.  I am one of the owners of a six-attorney personal injury law firm located in San Francisco, California that is involved in active litigation through the State of California. I stay abreast of California legal practice through local and statewide litigation groups, publications, and by remaining informed of local and statewide emergency orders in response to the COVID-19 pandemic. Since mid-March of this year, I have only conducted court hearings and depositions via remote technology. I am not aware of any of the other lawyers at my firm making personal appearances at depositions or court hearings during this time. The use of remote technology for deposition appearances has become the standard.

3.  The videoconference technology available for remote depositions supports an unlimited number of participants without the physical presence of a court reporter or any attorney with the witness. The service does not require that the witness be technologically savvy, only requiring the witness to click on a link in an email. All the witness needs is a computer with a camera and an internet connection. I have also attended depositions where a witness attended a deposition via smartphone without difficulty. The remote videoconference technology allows the parties to introduce and mark exhibits during the deposition without giving advance notice to opposing counsel to avoid causing an attorney to "show his or her hand."

4.  The parties have completed depositions of treating physicians Walter Lin, M.D. (noticed by plaintiffs) and Jorge Barragan, Ph.D. (noticed by defendants) by remote videoconference without objection or difficulty.

5.  The uncertainty about whether witnesses and attorneys may appear remotely at deposition has caused needless delays, costs, and inconvenience. Plaintiff noticed the deposition of non-party witness Blake Steward by subpoena to occur on July 20, 2020 by remote technology. Although Plaintiffs' counsel made remote appearance means available, Defendant flew two attorneys from Chicago, Illinois to attend Mr. Steward's in person. Defense counsel notified Mr. Steward's attorney on the day of the deposition that they expected him to appear at the deposition in person. When Mr. Steward appeared at the deposition (with his attorney appearing remotely), he objected to the crowded room and the lack of safety protocols and left. As a result, the deposition was delayed approximately an hour so that a remote appearance could be set up from Mr. Steward's office.

6.  Defense counsel has increased the risk of viral spread at in-person depositions by sending two attorneys to depositions both of whom require out of state travel and overnight lodging which is inconsistent with the State of California's stay-at-home orders for the prevention of viral spread. Remote depositions eliminate travel by any attorney, witness, or court reporter and eliminate the number of contacts and potential viral transmissions.

7.  Plaintiff currently intends to take the depositions of four additional fact witnesses. Three of these witnesses are located out of state and one is located in Stanislaus County.

8. Defendant has notified Plaintiff of its desire to take the deposition of Plaintiff Becky Hernandez.

9. The use of masks and other social distancing measures are not an adequate alternative to deposition by remote technology. The parties have no control over independent vendors' compliance with social distancing guidelines. As the Court is likely aware, there is a wide spectrum of public perception about the importance of social distancing guidelines. For example, the court reporter at the deposition of Blake Steward, referenced above, did not wear a facial covering during the deposition despite being in the same small room with defense counsel. The parties, witnesses, and attorneys should not feel compelled to participate in a situation where they have no control over their personal safety.

10. The use of masks during in-person depositions also interferes with ability to communicate and see the witness and his or her expressions during questioning. This is of greater concern when testimony is being preserved by videotape.

11. I have not been made aware of any information indicating when the circumstances in California will change such that in person depositions can safely proceed but it seems unlikely at this point that this will occur prior to the parties' November 17, 2020 deadline for completing non-expert discovery.

12. Defendant will not stipulate to depositions by remote technology in the absence of a court order. Immediately following the deposition of Mr. Steward, described above, I asked defense counsel to stipulate to remote depositions generally moving forward. Defendant would not stipulate. I renewed my request to discuss defense counsel's concerns and suggested that we could potentially address those concerns through a discussion. I did not receive a response.

13. Today, defense counsel sought a Local Rule 451 conference regarding Defendant's motion for protective order (Dkt #23). I raised the issue of the need for remote depositions again. Defense counsel William Cremer explained that he does not want to conduct a remote deposition because he does not want to share exhibits with opposing counsel before the deposition. I explained to Mr. Cremer that the technology does not require him to do so and indeed that had not been required during the remote depositions that have already taken place in this lawsuit. Mr.

1  Cremer informed me that he would not take a deposition remotely unless ordered by a judge.

2  I declare under penalty of perjury under the laws of the United States of America that the
3  foregoing is true and correct.

5  DATED: September 2, 2020                                    ALTAIR LAW LLP

7                                                      By: _____
8                                                           CRAIG M. PETERS
                                                            JEREMY CLOYD
9                                                           Attorneys for Plaintiffs
                                                            MICHAEL HERNANDEZ and BECKY
10                                                          HERNANDEZ

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over 18 years of age and not a party to this action. My business address is 465 California Street, Fifth Floor, San Francisco, California 94104.

On the date below I served a true copy of the following document(s):

**DECLARATION OF JEREMY CLOYD IN SUPPORT OF MICHAEL HERNANDEZ' AND BECKY HERNANDEZ' MOTION FOR PROTECTIVE ORDER REGARDING REMOTE DEPOSITIONS**

on the interested parties to said action by the following means:

☐ **(BY U.S. MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage, for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to Altair Law, LLP for delivery by Federal Express to the address(es) shown below.

☐ **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by facsimile transmission from facsimile number (415) 988-9815 to the attorney(s) or party(ies) shown below.

☐ **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving said envelope to an employee of Western Messenger Service for guaranteed, same-day delivery to the address(es) shown below.

☐ **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys or parties shown below

☒ **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**SEE SERVICE LIST**

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: September 2, 2020

_____
Monica La

**SERVICE LIST**

| | |
|---|---|
| Michael R. Reynolds, Esq.<br>**Damon Michael Thurston, Esq.**<br>**Rankin, Shuey, Ranucci, Mintz,**<br>**Lampasona & Reynolds**<br>2030 Franklin Street, 6th Floor<br>Oakland, CA 94612<br>*Attorneys for Defendant* BOBST GROUP NORTH AMERICA, INC. | Thomas R. Pender, Esq.<br>**Cremer, Spina, Shaughnessy, Janse &**<br>**Siegert, LLC**<br>One North Franklin Street<br>10th Floor<br>Chicago, IL 60606<br>*Attorneys for Defendant* BOBST GROUP NORTH AMERICA, INC. |