# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ and BECKY HERNANDEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOBST GROUP NORTH AMERICA, INC.,<br><br>        Defendant.<br>_____/ | Case No. 1:19-cv-00882-NONE-SKO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO BAR *EX PARTE* DECEMBER 1, 2020 EXPERIMENT**<br><br>(Doc. 37) |

This matter is before the Court on Defendant Bobst Group North America, Inc.'s "Motion to Bar Ex Parte December 1, 2020 Experiment" under Fed. R. Civ. P. 37, which was filed January 18, 2021 (the "Motion"). (Doc. 37.) Plaintiffs timely filed an opposition to the Motion on January 27, 2021. (Doc. 43.) No reply brief was filed. The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for February 3, 2021, was therefore vacated. (Doc. 44.)

Having considered the parties' briefing, and for the reasons set forth below, the Motion will be denied.

///

///

## I. BACKGROUND

On June 27, 2019, Plaintiffs Michael Hernandez and Becky Hernandez (collectively, "Plaintiffs") filed a complaint against Defendant Bobst Group North America, Inc. ("Defendant") for injuries Mr. Hernandez allegedly sustained when his right hand was pulled into, crushed, and de-gloved by a machine that folds and glues carboard boxes—the Martin Midline 924 Flexo-Folder Gluer machine (the "Subject Machine")—while he was working for his employer Pacific Southwest Container ("PSC") in November 2017. (*See* Doc. 1-1 ("Compl.") ¶¶ 1, 2.) Plaintiffs allege that the Subject Machine was defectively designed because the feed roller guard did not prevent fingers and gloves from being pulled into the machine. (*See id*. ¶¶ 2, 19.) Defendant sold the Subject Machine to PSC and serviced it in the years leading up to the November 2017 incident. (*See id*. ¶ 7.) Plaintiffs allege Defendant knew of the Subject Machine's defective design because of prior similar injuries, but neither fixed the product nor warned of the danger. (*See id*. ¶ 24–27.) They assert claims for strict products liability, negligence, and loss of consortium against Defendant. (*See id*.)

On October 25, 2019, the Court entered a Scheduling Order that set deadlines for non-expert, expert disclosures, and expert discovery. (Doc. 18.) The parties twice-stipulated to continue the case deadlines (*see* Docs. 20 & 32), which the Court granted (*see* Docs. 22 & 33). The deadline to complete non-expert discovery expired on December 8, 2020, and the deadline to disclose experts expired on December 15, 2020. (*See* Doc. 33.)

Prior to the close of non-expert discovery, on December 1, 2020, Plaintiffs' experts performed a "non-destructive inspection" of the Subject Machine while it was located at PSC, with PSC's consent (the "December 1, 2020 Experiment"). (Doc. 43 at 2; *see also* Doc. 37 at 3–4; Doc. 43-1 ¶ 5.) Defendant was not provided notice in advance of the December 1, 2020 Experiment, and did not learn that it had been performed until December 8, 2020, when Plaintiffs produced photographs and video taken during the Experiment. (Doc. 43 at 2; *see also* Doc. 37 at 4; Doc. 43-1 ¶ 6.)

## II. DISCUSSION

Defendant moves for an order "barring any use of experimental data or other information obtained" from the December 1, 2020 Experiment, on grounds that the performance of the

2

Experiment without prior notice to Defendant was "inconsistent with the requirements of [Fed. R. Civ. P.] 34 and 45." (Doc. 37 at 3–4.) It seeks this evidentiary sanction under Federal Rules of Civil Procedure 37(b)(2), which governs the "fail[ure] to obey an order to provide or permit discovery," and 37(c)(1), which governs the "fail[ure] to provide information or identify a witness as required by Rule 26(a) or (e)." (*See id*. (citing Fed. R. Civ. P. 37(b)(2), (c)(1))).

Plaintiffs contend that Rule 37 does not apply because the December 1, 2020 Experiment was neither performed pursuant to a court order nor withheld in violation of their disclosure requirements. (*See* Doc. 43 at 3–4.) The Court agrees. In *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp*., 982 F.2d 363 (9th Cir. 1992), the Ninth Circuit "foreclosed the application of Rule 37 sanctions in cases . . . where a party's alleged discovery-related misconduct is not encompassed by the language of the rule." *Id*. at 368.

Here, there is no Court order that Plaintiffs have disobeyed. Defendant makes reference to the Scheduling Order, but Plaintiffs complied with that Order, as they timely supplemented their discovery responses with the photographs and video of the Experiment on December 8, 2020, the deadline for non-expert discovery. There is also nothing to suggest that Plaintiffs withheld from that production any information required to be disclosed under Rules 26(a) or (e). Under *Unigard*, Rule 37 sanctions are thus unavailable.[1] *See Montoya v. Orange Cty. Sheriff's Dep't*, No. SACV 11–1922 JGB (RNBx), 2013 WL 6705992, at *5 (C.D. Cal. Dec. 18, 2013) (Sanctions under Rule 37(c)(1) "inappropriate" where Rules 26(a) and (e) did not apply to the facts presented); *AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc*., No. CIV S-00-113 LKK/JFM, 2006 WL 2308442, at *4 n.5 (E.D. Cal. Aug. 9, 2006) (Sanctions under Rule 37(b)(2) "inapplicable" where no outstanding court order violated).

### III.   ORDER

For the foregoing reasons, Defendant Bobst Group North America, Inc.'s "Motion to Bar Ex Parte December 1, 2020 Experiment" under Fed. R. Civ. P. 37 is DENIED.

IT IS SO ORDERED.

---

[1] The Court further declines to impose the requested evidentiary sanction pursuant to its inherent authority. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

Dated: **February 10, 2021**              /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE