# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HERNANDEZ and BECKY HERNANDEZ,<br><br>             Plaintiffs,<br><br>     v.<br><br>BOBST GROUP NORTH AMERICA, INC.,<br><br>             Defendant.<br>_____/ | Case No. 1:19-cv-00882-NONE-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO PLAINTIFF'S REQUESTS FOR ADMISSION**<br><br>(Doc. 36) |

This matter is before the Court on Defendant Bobst Group North America, Inc.'s "Motion for Leave to Amend Answer to Plaintiff's Requests for Admission," filed January 18, 2021 (the "Motion"). (Doc. 36.) The parties filed their joint statement directed to the Motion, as required by this Court's Local Rule 251, on February 3, 2021.[1] (Doc. 45.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for February 10, 2021, was therefore vacated. (Doc. 47.)

---

[1] Plaintiffs separately filed an opposition to the Motion on January 27, 2021 *(see* Doc. 42), and Defendant filed an affidavit of Mr. Cartier in support of the Motion on February 5, 2021 (*see* Doc. 46). Although Local Rule 251, which governs the Motion, does not contemplate such filings, the Court will nevertheless consider them (and overrule Plaintiffs' objections, *see* Doc. 48) to the extent that they contain admissible evidence and supplement the parties' joint statement. Both parties are cautioned that any future filings that are not in compliance with the Local Rules shall be stricken from the docket and will not considered.

Having considered the parties' briefing, and for the reasons set forth below, the Motion will be granted.

## I. BACKGROUND

On June 27, 2019, Plaintiffs Michael Hernandez and Becky Hernandez (collectively, "Plaintiffs") filed a complaint against Defendant Bobst Group North America, Inc. ("Defendant") for injuries Mr. Hernandez allegedly sustained when his right hand was pulled into, crushed, and de-gloved by a machine that folds and glues carboard boxes—the Martin Midline 924 Flexo-Folder Gluer machine (the "Subject Machine")—while he was working for his employer Pacific Southwest Container ("PSC") in November 2017. (*See* Doc. 1-1 ("Compl.") ¶¶ 1, 2.) Plaintiffs allege that the Subject Machine was defectively designed because the "feed roller guard" did not prevent fingers and gloves from being pulled into the machine. (*See id*. ¶¶ 2, 19.) Defendant sold the Subject Machine to PSC and serviced it in the years leading up to the November 2017 incident. (*See id*. ¶ 7.) Plaintiffs allege Defendant knew of the Subject Machine's defective design because of prior similar injuries, but neither fixed the product nor warned of the danger. (*See id*. ¶ 24–27.) They assert claims for strict products liability, negligence, and loss of consortium against Defendant. (*See id*.)

On October 25, 2019, the Court entered a Scheduling Order that set deadlines for non-expert, expert disclosures, and expert discovery. (Doc. 18.) The parties twice stipulated to continue the case deadlines (*see* Docs. 20 & 32), which the Court granted (*see* Docs. 22 & 33). The deadline to complete non-expert discovery expired on December 8, 2020, and the deadline to disclose experts expired on December 15, 2020. (*See* Doc. 33.)

In January 2020, Plaintiffs propounded a request for design documents for the feed roller guard of the Subject Machine, including "the original design drawings and specifications as well as any revisions." (Doc. 45 at 4. *See also* Doc. 42-5 at 3.) Defendant produced several documents in response to Plaintiffs' request. (Doc. 45 at 4.)

On November 6, 2020, Plaintiffs deposed Defendant's representative Michel Cartier. (Doc. 45 at 5. *See also* Doc. 36 at 2–3; Doc. 36-6.) Mr. Cartier testified that he was "unable to speak to the dimensions of the pieces of the [Subject Machine] in the feeder area, including their relationship

to each other, having not yet received the relevant information from the manufacturer despite his request." (Doc. 45 at 5. *See also* Doc. 36-6 at 105:14–106:18.) Following Mr. Cartier's deposition, on November 12, 2020, Defendant supplemented its earlier production with "additional design drawings" identified as Bates Number BNA003620–3622, which is at issue in the Motion (the "Subject Drawings"). (Doc. 45 at 5–6. *See also* Doc. 42-2 ¶ 13; Doc. 42-12; Doc. 42-15.)

In exchange for Plaintiff not seeking a further deposition of Mr. Cartier, Defendant agreed to admit to two requests for admission, which were jointly drafted by the parties. (Doc. 45 at 6. *See also* Doc. 42-2 ¶ 13; Doc. 42-12.) On November 13, 2020, Plaintiffs served the jointly-drafted requests for admission relating to the facts to which Mr. Cartier could not testify during his deposition. (Doc. 45 at 6. *See also* Doc. 36-8.) Request for Admission No. 7 ("RFA No. 7"), which is the subject of the Motion, requests that Defendant "[a]dmit that the [Subject Drawings] accurately reflect the as-designed dimensions of the depicted portions of the [Subject Machine]." (Doc. 45 at 3; *See also* 36-8.) On November 17, 2020, Defendant served its responses to the requests for admission, wherein it admitted RFA No. 7. (Doc. 45 at 6. *See also* Doc. 36-9.) Defendant's responses were verified by Mr. Cartier. (*See* Doc. 36-9.)

Defendant seeks leave from the Court to amend its answer to RFA No. 7 because it has subsequently learned its admission is inaccurate.

## II.  DISCUSSION

In seeking leave from the Court to amend its answer to RFA No. 7, Defendant contends that the feed roller guard in the Subject Drawings is depicted as 2 mm thick stainless steel, whereas the Subject Machine's uses a 3 mm thick stainless-steel guard. (Doc. 45 at 6–7.) Thus, the Subject Drawings do not "accurately reflect the as-designed dimensions of" the Subject Machine, as erroneously certified by Mr. Cartier in RFA No. 7. (*Id.*) According to Defendant, it was not made aware of the alleged error until December 2020, when its retained expert, in preparing his report in rebuttal to Plaintiffs' expert, noted the discrepancy. (*Id.*)

Plaintiffs oppose the Motion, asserting, among other things, that Defendant has not met its burden to justify the amendment under Fed. R. Civ. P. 36(b), and that granting the Motion would prejudice Plaintiffs at trial. (Doc. 45 at 10–13.)

**A.     Legal Standard**

Once admitted, a matter is conclusively established, "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Although Rule 36(b) is "permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007). In addition to Rule 36(b)'s two factors, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id*.

**B.     Analysis**

    **1.     Presentation of the Merits**

The first prong of Rule 36(b) favors allowing Defendant to amend RFA No. 7. Plaintiffs allege in their complaint that the Subject Machine's feed roller guard's "spacing and strength is inadequate to prevent a hand from being pulled into the [M]achine." (Compl. ¶ 2.) As the parties' submissions make clear, the thickness of the Subject Machine's guard is in dispute, and their respective experts rely on differing thicknesses for their analyses.[2] (*See* Doc. 45 at ) The merits of Plaintiffs' claims—and Defendant's defense thereof—depends, at least in part, on how the parties' factual dispute regarding the thickness of the Subject Machine's feed roller guard is resolved. Putting this dispute before the factfinder would promote trying the case on its merits. *See Ada Cty. Highway Dist. v. Rhythm Eng'g, LLC*, Case No. 1:15-cv-00584-CWD, 2017 WL 1502791, at *5 (D. Idaho Apr. 25, 2017) (finding the first prong of Rule 36(b) met where movant learned during discovery that its admissions were incorrect, resulting in "disputed versions of the facts"); *Henderson v. Metro. Prop. & Cas. Ins. Co*., No. C09-1723RAJ, 2010 WL 3937482, at *3 (W.D. Wash. Oct. 5, 2010) (finding the court's "interest in truthseeking and resolution of cases on their merits" weighed in movant's favor where its "inadvertent admission . . . would subvert the

---

[2] Other dimensions of the Subject Machine also appear to be disputed. (*See, e.g*., Doc. 45 at 11.)

4

presentation of [an] issue to a factfinder."); *Netscape Commc'ns Corp. v. Fed. Ins. Co.*, No. C 06-0198 JW (PVT), 2007 WL 1288192, at *2 (N.D. Cal. Apr. 27, 2007) ("[A]llowing amendment will subserve presentation of the merits because there is a legitimate factual dispute" regarding the subject of the admission). Permitting Defendant to amend RFA No. 7 would also subserve the presentation of the merits because it would mitigate any confusion caused by the parties' experts' reliance on differing guard thicknesses. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002) (District court's decision to allow defendant police officers to withdraw their admission that they "arrested" plaintiff was proper because the admission "confuse[d] this issue" and thus withdrawal aided in the resolution of the case).

Plaintiffs contend that Defendant has failed to show that upholding RFA No. 7 under Rule 36(b) would "eviscerate[] its case." (Doc. 45 at 10.) While the admission would not prevent Defendant from proffering a defense to Plaintiffs' claims, it nonetheless would "significantly undermine," for example, Defendant's ability to rebut Plaintiffs' expert's opinion concerning this issue. *N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2012 WL 113788, at *4 (E.D. Cal. Jan. 13, 2012) (finding first prong of Rule 36(b) satisfied even where "some of plaintiff's claims could potentially survive the deemed admissions").

In sum, the Court finds the first half of the test under Rule 36(b) is satisfied: allowing Defendant to amend RFA No. 7 would aid in the resolution of this case on the merits. *See Gallegos,* 308 F.3d at 993. *See also Conlon*, 474 F.3d at 622 (noting that one of the goals of Rule 36(b) is truth-seeking in litigation).

### 2. Prejudice to the Nonmoving Party

Plaintiffs have not shown prejudice resulting from the amendment of RFA No. 7. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The party relying on the admissions has the burden of proving prejudice. *Id.* The focus is on the prejudice the nonmoving

party would suffer at trial, because most pretrial prejudice is curable. *Id*. at 623.

Plaintiffs assert that they are prejudiced because they "have no way of objectively verifying the truth of [Defendant's] proposed amendment at this point because Plaintiffs' employer did not retain the subject guard and discovery has closed." (Doc. 45 at 12–13.) But even before RFA No. 7 was served, Plaintiffs were unable to "objectively verify" the thickness of the Subject Machine's feed roller guard because the original guard was unavailable. (*See* Doc. 45 at 13; Doc. 42-16 ¶ 7.) Putting the nonmovant in the same position it was in prior to the admission, *i.e.*, having to convince the factfinder of its truth, does not constitute prejudice under Rule 36(b). *See Conlon*, 474 F.3d at 622. Nor does the fact that Plaintiffs relied on RFA No. 7 in forgoing discovery during the discovery period, which has now closed, suffice to demonstrate prejudice, as any claimed prejudice may be addressable through other means. *See id*. at 624 ("Although the United States relied on the deemed admissions in choosing not to engage in any other discovery, we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice. The district court could have reopened the discovery period, and prejudice must relate to the difficulty a party may face in proving its case at trial.") (citations omitted). *See also* 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.) ("[C]ourts should explore the possibility that prejudice can be avoided by imposing other conditions rather than holding a party to an untrue or unintended admission on a vital issue in a case.").

Based on the foregoing, the Court finds that Plaintiffs will not be unduly prejudiced by permitting Defendant to amend RFA No. 7. *See Sonoda v. Cabrera*, 255 F.3d 1035, 1040 (9th Cir. 2001) ("Regarding prejudice, the district court found that because the motion was made pre-trial Sonoda would not be hindered in presenting his evidence to the factfinder. We agree and therefore affirm the district court's decision to allow withdrawal of the admissions pursuant to Fed. R. Civ. P. 36(b)."); *see also Hadley*, 45 F.3d at 1349 ("We find, however, that the inconvenience the government may have suffered by the withdrawal of the admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion. Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions."). *Cf. 999 v. C.I.T. Corp*., 776 F.2d 866, 869–70 (9th Cir. 1985) (prejudice shown when Fed. R. Civ. P. 36(b) motion was made in the middle of trial when the opposing party had relied heavily on the admissions at trial).

### 3. Other Factors

Finally, the Court observes that the "other factors" that can be considered militate toward permitting Defendant to amend RFA No. 7. There was no undue delay in filing the Motion once Defendant discovered the alleged error, and the Motion was timely filed pursuant to the case schedule. (*See* Doc. 33.) There is also no evidence that Defendant's answer to RFA No. 7 was made in bad faith or for the purposes of obtaining an unfair advantage in this case, *see* Doc. 46.[3] *See, e.g., N. Venture Partners, LLC v. Vocus, Inc.,* Case No. 14-cv-00337-RS, 2016 WL 1177923, at *5 (N.D. Cal. Mar. 22, 2016) (granting motion to withdraw admissions and observing the movant had "shown that it was genuinely mistaken when it responded to the requests for admission."); *Henderson*, 2010 WL 3937482, at *3 (fact that failure to respond to admissions was "inadvertent," as opposed to "gamesmanship or litigation misconduct," weighed "heavily in favor of granting [] request to amend."). *Accord* 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.) ("Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission.").

### III.  ORDER

For the foregoing reasons, Defendant Bobst Group North America, Inc.'s "Motion for Leave to Amend Answer to Plaintiff's Requests for Admission" (Doc. 36) is GRANTED. **By no later than seven (7) days from the date of this order**, Defendant shall serve an amended response to RFA No. 7 in accordance with Fed. R. Civ. P. 36(a)(4).

Discovery in this matter closed on January 12, 2021. If Plaintiffs wish to conduct additional discovery as a result of Defendant's amended response to RFA No. 7, the parties shall meet and confer in an attempt to agree on and stipulate to a reopened discovery period. In the event the parties are unable to agree, any dispute relating to the need for additional discovery, or the sufficiency of Defendant's amended response, shall be put before the Court, either formally under Local Rule 251 or informally pursuant to this Court's discovery dispute resolution process, **by no**

---

[3] Plaintiffs also accuse Defendant of other "discovery misconduct," which they contend gives rise to sanctions. (*See* Doc. 45 at 8.) These issues are not the subject of the Motion and are not before the Court. Moreover, the time to raise these issues has expired, *see* Doc. 33.

**later than March 17, 2021.**

IT IS SO ORDERED.

Dated:   **February 22, 2021**                                   /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE